UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE POWELSON,<br><br>    Plaintiff,<br><br>v.<br><br>CURTIS HAVEL, et al.,<br><br>    Defendants. | Case No. 24-cv-08245-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 81 |

Now before the Court is Plaintiff Robbie Powelson's motion for leave to file a motion for reconsideration regarding certain claims that the Court dismissed in its September 18, 2025 order. ECF No. 81, 81-1. Powelson argues that the Court's ruling that his state law claims were time-barred failed to consider California Government Code § 945.3, which provides that state law damages claims against peace officers, and entities employing peace officers, are tolled until the termination of the underlying criminal proceedings. ECF No. 81-1 at 1. Powelson argues that the Court's omission constituted a manifest failure to consider a dispositive legal argument. ECF No. 81 at 1.

The Court will deny Powelson's motion. A party seeking reconsideration of an order must show "a manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court* before" the challenged order was issued. Civ. L.R. 7-9(b) (emphasis added). Powelson's argument that Cal. Gov. Code § 945.3 tolled his state law claims is a new argument that was not made in opposition to the motion to dismiss. *See California v. Connex TCT LLC*, No. 24-CV-03457-RS, 2024 WL 4584026, at *2 (N.D. Cal. Oct. 24, 2024) ("Finally, Plaintiff is unable to demonstrate material facts or dispositive legal arguments were presented but not considered, as Plaintiff's newly added claims were not presented at the motion to

dismiss phase.").

Accordingly, Powelson's request for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated:  October 21, 2025



JON S. TIGAR
United States District Judge