UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBBIE POWELSON,

Plaintiff,

v.

CURTIS HAVEL, et al.,

Defendants.

Case No. 24-cv-08245-JST

**ORDER DENYING MOTION TO CERTIFY JUDGMENT ON STATE LAW CLAIMS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: ECF No. 85

Now before the Court is Plaintiff Robbie Powelson's motion to certify judgment on state law claims or, in the alternative, for leave to file a motion for reconsideration. ECF No. 85. The Court will deny the motion.

I.     **BACKGROUND**

Plaintiff Robbie Powelson brings this action against the Harbormaster of the Richardson Bay Regional Agency and others based on criminal prosecutions of Powelson arising from arrests in March and May 2021.[1] ECF No. 34. Powelson alleges that the arrests were based on fabricated evidence and made without due process and the subsequent prosecutions were malicious. His amended complaint brings claims for violation of 42 U.S.C. § 1983, violation of the Bane Act, negligence, and violation of the Federal Tort Claims Act.

On September 22, 2025, the Court dismissed Powelson's state law Bane Act and negligence claims with prejudice as being time-barred. ECF No. 78 at 11–12. Powelson moved

---

[1] RBRA Defendants include the Richardson Bay Regional Agency ("RBRA"), Curtis Havel, James Malcolm, and Beth Pollard. SPD Defendants, who included the Sausalito Police Department ("SPD"), the City of Sausalito, John Rohrbacher, Bill Fraas, Stacie Gregory, Brian Mathers, Edgar Padilla, Steven Vereios, and Adam Clerici, who also opposed the motion for partial judgment have since settled with Powelson. ECF No. 99.

United States District Court
Northern District of California

for leave to file a motion for reconsideration of that order, ECF No. 81, but the Court denied the motion because Powelson sought to make arguments that he had not previously presented in his original opposition to the motion to dismiss.  ECF Nos. 84.

Powelson now brings a motion for judgment on partial findings pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or, in the alternative, for reconsideration.  ECF No. 85. Defendants opposed the motion.  ECF Nos. 85, 89.  Powelson did not file a reply.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "provides that final entry of judgment should be made on individual claims in multiple claim suits 'upon an express determination that there is no just reason for delay.'"  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (quoting Fed. R. Civ. P. 54(b)).  "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification."  *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  "Rule 54(b) certification is recognized as the exception rather than the norm."  *Braswell*, 2 F.3d at 1335.

In considering a motion for entry of judgment on partial findings, the district court must determine (1) whether it is dealing with a final judgment; and (2) whether there is just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  "[A] district court must take into account judicial administrative interests as well as the equities involved" in making its determination.  Id. at 8.

As relevant here, a party seeking reconsideration of an order must show "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" the challenged order was issued.  Civ. L.R. 7-9(b).

## III.    DISCUSSION

The Court declines to enter partial judgment in this matter.  Plaintiff's state-law and federal

United States District Court
Northern District of California

2

claims arise from the same alleged conduct and overlapping facts relating to his arrest and prosecution. Thus, entering partial judgment would "result in the successive appeals the Ninth Circuit warned against," *Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*, No. LA CV18-10743 (SK), 2024 WL 3075219, at *4 (C.D. Cal. May 20, 2024) (citation modified), as the state claims at issue are deeply factually intertwined with the federal claims, none of which would be subject to the requested partial judgment, *see AmerisourceBergen*, 465 F.3d at 954 (noting that a district court has a duty to "to prevent piecemeal appeals"). "[T]his factor weighs significantly against certification." *Nirvana*, 2024 WL 3075219, at *4.

Second, there is nothing to be gained by entering partial judgment. "Ordinarily there is a readily apparent reason why early appeal makes sense." *Bolling v. Dendreon Corp.*, No. C13-0872JLR, 2014 WL 12029280, at *2 (W.D. Wash. July 15, 2014). But not in this case. As in *Nirvana*, "allowing an early appeal would not simplify discovery in any way or otherwise promote judicial efficiency. *Id.* As noted above, the dismissed claims are largely predicate on the same facts as the remaining claims. There is no pressing need that requires an early and separate judgment. *McClellan v. Kern Cnty. Sheriff's Off.*, No. 1:10-CV-00386-LJO-MJ, 2014 WL 7004738, at *2 (E.D. Cal. Dec. 11, 2014). "Finally, multiplying the number of proceedings in this case will not ensure efficient use of court resources." *Id.*

The Court will also deny Powelson's second request for leave to file a motion for reconsideration. Powelson merely repeats the arguments not raised in his original motion to dismiss, which led the Court to deny his previous motion for reconsideration. ECF No. 84. Powelson's repetition of argument violates Civil Local Rule 7-9(c) which states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." *See Richey v. Borough*, No. 3:14-CV-00170 JWS, 2015 WL 1962880, at *1 (D. Alaska Apr. 30, 2015) ("A motion will not be granted if it simply repeats arguments that were made, or could have been made, when the court reached its original decision.").

Accordingly, the Court will deny Powelson's request in the alternative for leave to file a motion for reconsideration.

**United States District Court**
**Northern District of California**

**CONCLUSION**

For the reasons set forth above, the Court denies Powelson's motion to certify judgment on state law claims or, in the alternative, for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 9, 2026



_____
JON S. TIGAR
United States District Judge

4