United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBBIE POWELSON,
Plaintiff,
v.
CURTIS HAVEL, et al.,
Defendants.

Case No. 24-cv-08245-JST

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

Re: ECF No. 95

Before the Court is Defendants Richardson Bay Regional Agency, James Malcolm, and Curtis Havel's partial motion to dismiss. ECF No. 95. The Court will grant the motion.

**I. BACKGROUND**

The Court previously described the factual and procedural background of this case, ECF No. 78 at 1–4, and reprises the facts only to the extent necessary to explain the present order.

Plaintiff Robbie Powelson, appearing pro se, has a history of protesting the displacement of individuals living on boats in the Richardson Bay area. ECF No. 34 ("FAC") ¶¶ 10, 41, 44; ECF No. 78 at 2; ECF No. 93 ("SAC") ¶ 40. On March 24-25 and May 25, 2021, Powelson protested the warrantless seizure and destruction of unoccupied houseboats by Harbormaster of the Richardson Bay Regional Agency ("RBRA") Curtis Havel and other Defendants. SAC ¶¶ 15–66. On March 24, 2021, After Powelson "got into a kayak and interceded [sic] the Houseboat to halt its destruction," SAC ¶ 18, Havel called law enforcement and provided a statement regarding Powelson's activities*, id.* ¶¶ 23–27. Powelson was arrested and later charged with obstructing official duties, interfering with a lawful business or property right, refusing to leave private property after being asked, and trespassing on private property. SAC ¶¶ 27–28, ¶¶ 36–44, ¶¶ 56–62; Cal. Penal Code §§ 148(a)(1), 602(k), 602(o), 602(m). "All charges stemming from this

[event] terminated in in Plaintiff[']s favor on April 25th 2024." SAC ¶ 32.

Powelson brought suit in this Court on November 21, 2024 and filed an amended complaint on February 28, 2025, which Defendants moved to dismiss. ECF No. 36. The Court dismissed without leave to amend Powelson's claims for violation of California's Bane Act; § 1983 (violation of the First Amendment); negligence; and negligent training, supervision, and retention. ECF No. 78 at 22. The Court dismissed with leave to amend claims for malicious prosecution based on the March 24, 2021 events, for malicious prosecution and fabrication of evidence based on the May 25, 2021 events, and for fabrication of evidence, except as it pertains to a claim against Padilla for the events of March 25, 2021. *Id.* The Court denied the motion to dismiss for malicious prosecution based on the events of March 25, 2021. *Id.* Defendants Sausalito Police Department, City of Sausalito, John Rohrbacher, Bill Fraas, Stacie Gregory, Brian Mathers, Edgar Padilla, Steven Vereios, Bryce Mitchell, and Adam Clerici were dismissed with prejudice. ECF No. 99.

Powelson filed a second amended complaint. ECF No. 93. The remaining Defendants now move to dismiss his first, third, fourth, and sixth causes of action. ECF No. 95. Powelson filed an opposition brief, ECF No. 101, to which the remaining Defendants replied. ECF No. 103. For the purpose of resolving the motion to dismiss, the Court accepts as true the allegations in the second amended complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel*, 393 F.3d at 1072.

## IV. DISCUSSION

### A. First and Third Causes of Action: Malicious Prosecution

Defendants move to dismiss Powelson's first and third causes of action, which both allege malicious prosecution. To allege a claim for malicious prosecution, the plaintiff must show "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in [the] plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)). Plaintiff must also show that defendants prosecuted him for the purpose of denying a specific constitutional right. *Id*.

"To determine whether the litigation was commenced at the direction of the defendant, the Court looks to 'whether the defendant was actively instrumental in causing the prosecution.'" *Salcido v. City of Mountain View*, No. 24-CV-08833-NC, 2025 WL 1307811, at *8 (N.D. Cal. May 6, 2025) (quoting *Sullivan v. Cnty. of Los Angeles*, 12 Cal.3d 710, 720 (1974)). "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Id*. On the other hand, one "who merely alerts law enforcement to a possible crime . . . is not liable [for malicious prosecution] if, law enforcement, on its own, after an independent investigation, decides to prosecute." *Stamas v. Cnty. of Madera*, No. CVF09-0753LJOSMS, 2010 WL 1416866, at *13 (E.D. Cal. Apr. 8, 2010) (quoting *Williams v. Hartford Ins. Co.*, 147 Cal. App. 3d 893, 898 (1983)) (internal quotation marks omitted).

The Court previously dismissed Powelson's malicious prosecution claims regarding the events of March 24, 2021 and May 25, 2021 because Powelson failed to plead that Havel and Malcolm reported a false fact to law enforcement. ECF No. 78 at 14–15. Powelson argues that

paragraphs 20 through 25 of his amended pleading cure this deficiency as to his March 24, 2021 claims. ECF No. 101 at 6. The Court disagrees. Powelson pleads—as he did in the prior complaint—that Defendants Havel and Malcolm were acting in excess of their authority and without a warrant. ECF No. 93 ¶ 20, 24. He adds allegations that "Havel and Malcolm spoke to one another and agreed to file a false a police report against Plaintiff for intervening in their crime," *id.* ¶ 21; that "Havel wished to cover up the hoax he was perpetrating against Michael Ortega and to destroy the houseboat without a warrant or legal claim to the boat," *id.* ¶ 21, and that "Havel hated Plaintiff because he was frustrated with Plaintiff['s] persistent public criticism of his role as Harbormaster," *id.*, but these claims do not address whether Defendants falsely reported any fact. The sole allegation on that score is that "Havel made a criminal complaint against Plaintiff to [Sausalito Police Department] officers . . . alleging that . . . Plaintiff was interfering with Curtis Havel['s] official duties as RBRA harbormaster under PC 148(a)(1) by preventing him from destroying the Houseboat." *Id.* ¶ 23. That allegation is not meaningfully different from similar allegations in the prior complaint. As the Court said in dismissing those allegations, "While the Court reads Powelson's allegations as suggesting that Havel stepped outside of his own lawful authority to seize the Houseboat, that does not by itself suggest that Havel falsely reported any *fact* to initiate the prosecution against Powelson." ECF No. 78 at 14 (emphasis added). The Court continued:

> Nothing in the amended complaint suggests what [Havel][1] reported to be false—indeed, Powelson was at the scene specifically to stop Havel from successfully seizing the Houseboat while in the scope of carrying out his authority as Harbormaster. Although Powelson disputes the underlying propriety of Havel's actions under the requirements of RBRA protocol, Powelson's allegations show that Havel was in fact acting in his official capacity when Powelson interfered to stop Havel from destroying the Houseboat.

*Id.* at 14–15.[2]

[1] The Court's prior order contains a typographical error in which Powelson's name appears where Havel's should be. The correct name is clear from context.

[2] Powelson also fails to cure this deficiency as to the events of May 25, 2021. He alleges that dismissed defendant Mathers "fabricated a sword [sic] affidavit that he submitted to the Marin District Attorneys Office that Plaintiff was trespassing on Marin Plaza property," SAC ¶ 53, but Mathers was previously dismissed with prejudice. He makes no allegation that defendants Havel,

Once again, Powelson alleges that Havel exceeded the scope of his duties as harbormaster but does not allege that Havel reported a false fact to law enforcement to initiate a prosecution. *See Salcido*, 2025 WL 1307811, at *8. Accordingly, his malicious prosecution claims remain deficient. Because the Court has previously granted leave to amend, the Court now dismisses the first and third causes of action without leave to further amend. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) (holding that court's discretion to deny further leave to amend is "particularly broad where, as here, a plaintiff previously has been granted leave to amend").

**B. Fourth and Sixth Causes of Action: Exceeding Leave to Amend**

Defendants argue that Powelson's fourth cause of action is the same as his previously-dismissed First Amendment claim, now merely renamed as a Fourth Amendment claim. ECF No. 95 at 11. Powelson fails to address this issue in his opposition, thus effectively conceding the argument. *Carbajal v. HSBC Bank USA, N.A.*, No. CV16-9297 PSG (FFM), 2017 WL 7806586, at *6 (C.D. Cal. May 16, 2017). Furthermore, the Court has examined Powelson's new fourth cause of action and finds it closely matches his previously alleged eighth cause of action for violation of his First Amendment rights. *Compare* FAC ¶¶ 79–87 *with* SAC ¶¶ 67–75. "Plaintiff's attempt to simply change the name of a claim that has previously been dismissed is unavailing." *Mohsin v. California Dep't of Water Res.*, No. 213CV01236TLNEFB, 2016 WL 4126721, at *10 (E.D. Cal. Aug. 3, 2016). Because the Court has already dismissed this claim with prejudice, it now does so again. Powelson's fourth cause of action is dismissed without leave to amend.

The Court also previously dismissed without leave to amend Powelson's twelfth cause of action for "Negligent Training, Supervision, Retention" (also known as a *Monell* claim) as barred by the two-year statute of limitations. FAC ¶¶ 104–114; ECF No. 78 at 12; Cal. Civ. Proc. § 335.1. Plaintiff now attempts to replead this claim in his sixth cause of action as a "*Monell* claim." SAC ¶¶ 84–91. "Plaintiff may not re-allege the claims . . . that the Court has dismissed with prejudice." *Swanson v. Cnty. of Contra Costa*, No. 21-CV-06419-JST, 2023 WL 6391472, at

---

Malcolm, or RBRA made any false report.

*10 (N.D. Cal. Sept. 29, 2023). The Court now dismisses Powelson's sixth cause of action without leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court dismisses the first, third, fourth, and sixth causes of action without leave to amend.

**IT IS SO ORDERED.**

Dated: August 24, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California